United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30636
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN T. ASHLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50101-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adrian Ashley appeals from his jury trial conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Ashley argues that the district court erred in issuing a jury instruction on deliberate ignorance.

A deliberate ignorance instruction will be upheld so long as sufficient evidence supports its inclusion. <u>United States v. Lara-Velasquez</u>, 919 F.2d 946, 951 (5th Cir. 1990). A two-part

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

test is conducted for reviewing whether the district court's deliberate ignorance instruction was proper. First, the evidence at trial must raise the inference that the defendant was subjectively aware of a high probability of the existence of the illegal conduct. Id. Second, the evidence must raise the inference that the defendant purposely contrived to avoid learning of the illegal conduct. Id. Where substantial evidence of actual knowledge exists, any error in giving the deliberate ignorance instruction is harmless. United States v. Threadgill, 172 F.3d 357, 369 (5th Cir. 1999).

The testimony introduced at trial raised the inferences necessary to support the district court's decision to instruct the jury on deliberate ignorance. Lara-Velasquez, 919 F.2d at 951. In any event, any error was harmless because there was substantial evidence of actual knowledge. See Threadgill, 172 F.3d at 369. Accordingly, the judgment of the district court is AFFIRMED.